UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JEFFERSON WAYNE GILL | : | DOCKET NO. 2:05-cv-1791<br>Section P |
| VS. | : | JUDGE TRIMBLE |
| EMIL GRIFFIN, ET AL. | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights (42 U.S.C. § 1983) complaint of Jefferson Gill filed *in forma pauperis* on October 6, 2005. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and is incarcerated at David Wade Correctional Center (ACC) in Homer, Louisiana. Plaintiff names the following as defendants herein: Dr. Emil Griffin; Beauregard Memorial Hospital; and, the superintendent of Beauregard Memorial Hospital.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff states that during his criminal trial in October 2003, defendant Griffin violated his constitutional right to a fair trial by providing the state with false information.[1] In sum, plaintiff complains that Dr. Griffin's toxicology test results were false as shown by the contradictory test

---

[1] Gill was convicted of vehicular homicide, and it was found that the evidence was sufficient to establish that defendant drove the vehicle while intoxicated. See, *State of Louisiana v. Gill*, 884 So.2d 1272 (La. App. 3rd Cir. 10/13/04).

results of Tracy LeGros. Specially, Dr. Griffin's results allegedly showed a higher percentage of ethyl alcohol than did Ms. LeGros' report. Dr. Griffin's test also detected marijuana, which Ms. LeGros' test did not.

As a result of the above, plaintiff seeks compensation of $500,000.00 from each defendant.

## LAW AND ANALYSIS

### Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune. See, 28 U.S.C. §1915(e)(2)(B)(i), (ii) and (iii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). Further, when determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### State Actors

To obtain relief under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right

by a defendant acting under color of state law. *West v. Atkins*, 108 S.Ct. 2250 (1988); *Flagg Bros., Inc. v. Brooks*, 98 S.Ct. 1729 (1978). A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under the color of state law. *Lugar v. Edmonson Oil Co., Inc.*, 102 S.Ct. 2744, 2753 (1982). Purely private conduct, no matter how wrongful, is not within the protective orbit of section 1983. *Shelley v. Kramer*, 68 S.Ct. 836, 842 (1948).

Plaintiff's complaint is devoid of any allegations which indicate that any of the defendants (Dr. Griffin, the supervisor at Beauregard Memorial Hospital or Beauregard Memorial Hospital) were acting under the color of state law. In fact, plaintiff's pleading suggests (and the published jurisprudence supports [2]) that plaintiff was simply brought to Beauregard Memorial Hospital for treatment after his automobile accident. This apparently included the taking of blood samples from which plaintiff's blood alcohol concentration was determined. These defendants are not state actors. (Compare *West v. Atkins*, 108 S.Ct. 2250 [private physician acts under color of state law for §1983 purposes only when treating patient in state prison under contract with state]). Therefore, plaintiff's claims against the defendants lack an arguable basis in law and are recommended dismissed as frivolous pursuant to 28 U.S.C. 1915(e)(2)(B)(ii).[3]

---

[2] See, *State of Louisiana v. Gill*, 884 So.2d 1272 (La. App. 3rd Cir. 10/13/04).

[3] The court notes that even if the defendants were state actors, the civil rights action would still be subject to dismissal on the following alternative grounds:
1. Dr. Griffin enjoys absolute immunity for testimony offered by him as a witness in a state judicial proceeding. *Briscoe v. LaHue*, 103 S.Ct. 1108 (1983); *Young v. Biggers*, 938 F. 2d 565 (5th Cir. 1991).
2. To be liable under §1983, supervisory officials must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. There are no allegations that either Beauregard Memorial Hospital or the superintendent of the hospital were personally involved in any alleged constitutional deprivation or that they implemented any policy which acts as a constitutional deprivation in itself. Thus, the plaintiff is not able to state a § 1983 claim against these parties. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998).

**THEREFORE,**

**IT IS RECOMMENDED** that this civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and as failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 16th day of December, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

3. The facts alleged by the plaintiff in the complaint occurred approximately 2 years prior to the filing of this civil rights action. Thus, this civil rights action is barred by the applicable 1 year statute of limitations. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999); La.C.C.Art 3492 and *Lavallee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).